UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Eric Tims | Tritia Murata |
| | Maya Harel |

**Proceedings:** ZOOM HEARING RE: MOTION TO DISMISS (Dkt. 9, filed on October 25, 2024)

## I. INTRODUCTION

On September 8, 2024, plaintiff Kristofer Giordani ("Giordani") filed this class-action case in Riverside Superior Court against Staples the Office Superstore LLC ("Staples") and Doe defendants 1-100. Dkt. 1-1 ("Compl."). Plaintiff alleged seven claims for relief on behalf of himself and the proposed class: (1) failure to pay wages for all hours of work at the minimum wage rate, in violation of California Labor Code ("Labor Code") §§ 1194 and 1197; (2) failure to pay overtime wages in violation of Labor Code § 510 and 1194; (3) failure to authorize or permit meal periods in violation of Labor Code §§ 512 and 226.7; (4) failure to authorize or permit required rest periods in violation of Labor Code § 226.7; (5) failure to provide complete and accurate wage statements in violation of Labor Code § 226; (6) failure to pay all wages timely upon separation of employment in violation of Labor Code §§ 201, 202, and 203; and (7) unfair business practices, in violation of California Business and Professions Code §§ 17200, et seq. ("UCL"). Id.

On November 18, 2024, Staples removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1 at 2.

On November 5, 2024, the instant action was transferred to this Court as a case related to Torres v. Staples the Office Superstore, LLC, 24-cv-01352, on the grounds that the two cases arise from the same or closely related transactions, happenings, or events, call for determination of the same or substantially related or similar question of law and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

fact, and for other reasons would entail substantial duplication of labor if heard by different judges. Dkt. 13.

On October 25, 2024, Staples filed the instant motion to dismiss, or in the alternative, stay the case, pending resolution of Torres. Dkt. 9. On the same day, Staples also filed a request for judicial notice in support of its motion to dismiss.[1] Dkt. 10. On November 1, 2024, Giordani filed his opposition. Dkt. 12 ("Opp."). On November 8, 2024, Staples filed its reply. Dkt. 15 ("Reply").

On November 25, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Staples employed Giordani as an hourly non-exempt employee from about December 2023 until about July 15, 2024. Compl. ¶ 4. Giordani brings this action on behalf of himself, and current, former, and future direct employees of Staples and employees hired through temp agencies who work as hourly non-exempt employees. Id. ¶ 3.

Giordani defines this group as the California Class, and defines six subclasses: (A) the Minimum Wage Class; (B) the Overtime Class; (C) the Meal Period Class; (D) the Rest Period Class; (E) the Wage Statement Class; and (F) the Waiting Time Class. Id. ¶ 38(A-G).

Giordani alleges that Staples maintained a policy requiring him and "similarly situated employees to keep their employer-issued walkie-talkies on their person and to always monitor them during their shift resulting in [Giordani] and similarly situated employees remaining on duty during their rest breaks and off-the-clock meal breaks." Id.

---

[1] Staples requests that the Court take judicial notice of the complaint filed in Torres as well as the online docket for Torres available at: https://ecf.cacd.uscourts.gov/cgibin/mobile_query.pl?search=dktEntry&caseid=931707&caseNum=5:24-cv-01352- CAS-PD. The Court finds that judicial notice of the complaint and docket is appropriate pursuant to Federal Rule of Evidence 201. The Court notices the Torres complaint for its existence, but does not notice it for the truth of the matters asserted therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

¶15.  Giordani claims that he and other employees were therefore subjected to Staples' control during that time, for which they were not compensated.  Id. ¶ 17.  Giordani alleges that he and other employees were also not provided the requisite overtime pay for this time.  Id. ¶ 22.

Giordani alleges that he and putative class members worked shifts long enough to entitle them to uninterrupted meal periods pursuant to California law.  Id. ¶ 26.  However, Giordani alleges, Staples "employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to [Giordani] and other similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law."  Id.  These practices, according to Giordani, included failing to provide timely, uninterrupted duty-free meal breaks of the minimum thirty minutes per five hours worked and requiring employees to keep their employer-issued walkie-talkies on their person and monitored at all times during their shifts.  Id.  Giordani alleges that Staples also failed to pay employees "a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods" and that Staples employed policies and procedures which ensured employees were not appropriately compensated in this manner.  Id. ¶ 27.

Giordani alleges that he and other employees regularly worked shifts which exceeded three and a half hours in length, but that Staples employed policies, practices, and/or procedures that resulted in a failure to provide the requisite ten-minute rest breaks for every four hours thereof.  Id. ¶ 31.  Giordani claims that requiring employees to maintain and monitor their walkie-talkies throughout their shifts resulted in Giordani and similarly situated employees remaining on duty during their rest breaks.  Id.  Giordani also alleges that Staples failed to pay him and similarly situated employees a rest period minimum wage of one additional hour of pay at the regular rate of compensation for each day the employees did not receive all legally required and compliant rest breaks.  Id. ¶ 33.

Giordani alleges that he and other employees did not receive accurate wage statements.  Id. ¶ 35.  He also alleges that he and others were not paid their outstanding, unpaid wages within seventy-two hours of termination.  Id. ¶¶ 36-37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. First-to-File Rule

Staples first argues that the Court should dismiss or stay this action pursuant to the first-to-file rule. Dkt. 9-1 ("Mot.") at 3. Staples argues that the first-to-file rule allows a district court to decline jurisdiction over a case when a complaint involving the same issues and parties has already been filed, even if that case is filed in the same district or is in front of the same judge. Id. (citing Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1161 (9th Cir. 2011) (internal citation omitted); various other authority for the proposition that the first-to-file rule applies in the context of the same district court).

Staples contends that there are three factors Courts look to in deciding whether to apply the first-to-file rule, which are (1) the chronology of actions; (2) the similarity of the parties; and (3) the similarity of the issues. Id. (citing Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625-626 (9th Cir. 1991); Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95-96 (9th Cir. 1982)). First, Staples claims that this action was filed before the Torres action. Second, Staples argues that the parties are substantially similar because the Court should look to the class in making this determination rather than to the class representatives, and Torres seeks to represent a putative class of all persons who worked for Staples as non-exempt, hourly paid employees in California at any time since September 18, 2021, while Giordani seeks to represent the same group since September 6, 2020. Id. at 4-5. Because both actions are brought against Staples and seek to represent putative classes which substantially overlap, Staples argues that this factor weighs in favor of a dismissal or stay. Id. at 5. Third, Staples argues that the issues are substantially similar because the two cases state six of the same claims for relief and because Giordani alleges that the walkie-talkie requirements resulted in non-compliant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

breaks and off-the-clock work, which is similar to one of the underlying theories in Torres. Id. at 6. In both cases, Staples argues, the Court will need to decide the issue of class certification. Id. Thus, this factor, according to Staples, also weighs in favor of a dismissal or stay.

Overall, Staples argues that litigating both of these cases concurrently would be a waste of judicial resources and would force Staples to defend against the same claims in two actions and to respond to duplicative discovery in separate cases. Id. at 6-7.

In opposition, Giordani argues that the first-to-file rule is inapplicable in this context because "[e]ven if all three factors of the first-to file rule are met, it only applies when two actions are pending in *different* federal courts." Opp. at 2 (citing Alltrade, 946 F.2d at 623). Because the two actions are pending in the same Court in this case, Giordani argues, the risk of inconsistent rulings and waste of judicial resources is low. Id. at 3. Giordani also contends that the issues and parties involved in this case and Torres are not substantially similar. Id. at 3. Giordani argues that the Court's focus should be on the factual issues underlying the allegations and not simply the causes of action at issue. Id. Giordani contends that the "factual allegations and core theories of [Staples'] liability differ from those in Torres" because the off-the-clock work at issue in each case is different. Id. Giordani also argues that the parties are not the same because the putative class here covers just over one additional year. Giordani argues the issues are distinct because the employees impacted by the walkie-talkie policy may not have been subjected to the off-the-clock tasks in Torres and vice versa, thus the interests of the classes are not aligned. Id. at 4. Inquiry into individual tasks performed by class members in Torres, Giordani argues, may hinder class certification in that case. Id. Accordingly, Giordani contends that dismissal or stay pursuant to the first-to-file rule should be denied.

In reply, Staples argues that the first-to-file rule applies, but that if the Court declines to dismiss or stay the action according to the rule, it should exercise its inherent power to stay the action until Torres is resolved. Reply at 2. Staples argues that its cited authority demonstrates that the first-to-file rule applies to cases pending in the same district and that it has been applied in at least one case where two cases were before the same judge, because the motivating concerns of judicial economy and avoiding conflicting rulings remain present. Id. at 3. Staples reiterates its argument that the three factors courts apply in determining whether to apply the first-to-file rule here weigh in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL  'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

favor of dismissal or stay. Id. Staples argues that Giordani fails to refute that the classes are substantially similar, because the fact that Giordani's putative class covers an additional year does not render the two classes dissimilar. Id. at 4. As to the third factor, Staples argues that "the narrow theory in Giordani is subsumed under the broader set of theories in Torres" because both are about employees being required to work through their breaks or meal periods or having them interrupted. Id. at 5. Staples argues that if the Court declines to apply the first-to-file rule, it should nonetheless stay the case pursuant to its inherent power to do so. Id. at 5-6 (citing Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005)).

    The Court concludes that the first-to-file rule is not applicable in this case. The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter, 678 F.2d at 94-95. Pursuant to the first-to-file rule, a district court may transfer, stay, or dismiss an action when a similar action has been filed in another district court. Alltrade, 946 F.2d at 625-26. "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." SB Hosp. Palm Springs, LLC v. Baymont Franchise Sys., Inc., No. 5:19-cv-00381-JGB-KK, 2019 WL 4422675, at *3 (C.D. Cal. May 8, 2019) (quotation omitted). "The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." Alltrade, 946 F.2d at 628.

    Since Torres was transferred on November 5, 2024, both actions are now before this Court. Dkt. 13. Though Staples cites to Blanchard Training & Dev., Inc. v. Leadership Studies, Inc., No. 15-cv-2142, 2016 WL 773227, at *4 (S.D. Cal. Feb. 29, 2016), wherein the court applied the first-to-file rule in the context of two cases pending before the same judge, the Court concludes that the weight of authority and concerns motivating the rule do not support its application in this context. See e.g., Henderson v. JPMorgan Chase Bank, No. 11-cv-3428-PSG-PLAX, 2011 WL 4056004, at *2 (C.D. Cal. Sept. 13, 2011), rev'd on other grounds sub nom. Henderson v. J.P. Morgan Chase Bank, N.A., 651 F. App'x 669 (9th Cir. 2016) (finding that "[a]s the actions are now pending before the same judge, the Court determines that application of the first-to file rule is not appropriate); Amezquita v. Target Corp., No. 18-cv-01109-JVS-SPX, 2018 WL 6164293, at *4 (C.D. Cal. July 9, 2018) (same); Lantiq N. Am., Inc. v. Ralink Tech. Corp., No. 11-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

cv-00234-EJD, 2011 WL 2600747, at *9 (N.D. Cal. June 30, 2011) (same); Olin Corp. v. Cont'l Cas. Co., No. 2:10-cv-00623-GMN, 2011 WL 1337407, at *2 (D. Nev. Apr. 6, 2011) (declining to apply the first-to-file rule and noting that when two cases are before the same judge, the underlying concerns motivating application of the rule "become far less pertinent"); Rodriguez v. Taco Bell Corp., No. 1:13-cv-01498-SAB, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 30, 2013) (same). The Court also does not find it appropriate to stay this case pursuant to the Court's inherent power to do so.

    **B.**     **Failure to State a Claim Pursuant to 12(b)(6)**

Staples argues that Giordani's complaint fails to allege facts sufficient to state a claim upon which relief may be granted because it "largely contains legal conclusions and mechanical recitations of the elements of Giordani's claims." Mot. at 8. Staples argues that other than the repeated allegation "that Staples supposedly '[r]equir[ed] [Giordani] and similarly situated employees to keep their employer-issued walkie-talkies on their person and to always monitor them during their shift resulting in [Giordani] and similarly situated employees remaining on duty during their rest breaks and off-the-clock meal breaks," Giordani does not provide any information about his employment at Staples or any other basis for his claims. Id. (citing Compl. ¶¶ 15(a), 20(a), 26(b), 31(b), 44(a), 54(a), 63(c), 71(b)). Staples argues that Giordani does not allege that he and others were required to carry walkie-talkies during off-duty meal or rest breaks, that he or others were ever called upon and expected to respond during such a break, nor does he provide details about specific instances. Id. at 9.

Staples argues that for each claim for relief Giordani states obligations pursuant to California law, states that Staples violated the relevant law, and claims entitlement to damages and other relief as a result, which Staples contends is insufficient to state a Labor Code claim. Id. (citing Ovieda v. Sodexo Operations, LLC, No. 12-cv-1750, 2012 WL 1627237, at *2-3 (C.D. Cal. May 7, 2012)). Staples argues that Giordani has failed to provide sufficient facts to state a claim pursuant to Federal Rule of Civil Procedure 8 and the Twombly and Iqbal pleading standard. Id. at 10.

Staples next addresses each of Giordani's claims in turn. Id. First, Staples argues that Giordani does not state a plausible claim for relief on his cause of action for unpaid minimum wages because to state such a claim a plaintiff must allege facts showing there was a week during which he was entitled to minimum wages and denied such wages. Id. (quoting Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 644-46 (9th Cir. 2014), as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

amended (Jan. 26, 2015); Perez v. Wells Fargo and Co., 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014)). Staples argues that Giordani's walkie-talkie related allegations are not sufficient to state a plausible minimum wage violation. Id.

Staples argues that Giordani's second claim for failure to pay overtime wages does not satisfy the minimum pleading standards because the Ninth Circuit requires a plaintiff to plead facts showing there was at least one week in which the plaintiff worked more than forty hours and was not paid overtime wages. Id. at 11 (citing Landers, 771 F. 3d at 646). Staples contends that Giordani fails to state a claim as to his third claim for failure to authorize meal periods because to state such a claim a plaintiff must state facts which specifically identify an instance when the plaintiff was deprived of a meal or rest break. Id. at 12-13 (citing Perez v. DNC Parks & Resorts at Sequoia, No. 1:19-cv-00484, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) (citing Landers, 771 F.3d at 646). Here, Staples argues, Giordani makes a conclusory claim that he and other putative class members worked long enough to entitle them to meal periods, which Staples failed to provide because of the walkie-talkie requirement. Id. at 13. Staples argues that Giordani's fourth claim for failure to permit required rest periods does not allege sufficient facts to state a claim because he claims that the putative class regularly worked shifts that exceeded three and a half hours, but he does not provide any specific instance when this occurred. Id. at 14. Rather, he alleges that Staples failed to provide the requisite breaks and that employees had to remain on duty during breaks because of the alleged walkie-talkie policy. Id.

Staples argues that Giordani's fifth, sixth, and seventh claims must be dismissed because they are derivative of his defective first through fourth causes of action. Id. at 15. Staples also contends that each of these three claims is "devoid of any supporting factual allegations and fail[s] for this additional reason." Id. at 16.

Finally, Staples argues that Giordani's claim for a UCL violation should be dismissed because as a former employee, Giordani is not entitled to seek injunctive relief pursuant to the UCL. Id. at 17.

In opposition, Giordani contends that his minimum wage, overtime, rest break, and meal break claims are properly pled because the allegations, when taken as true and in the light most favorable to him, permit the reasonable inference that he and the putative class were not paid for the violations at issue. Opp. at 6. Giordani argues that his allegation that "[Staples] required [Giordani] and similarly situated employees to keep their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

employee-issued walkie-talkies on their person and to always monitor them during their shifts, including meal and rest breaks, which led to employees remaining on duty during these breaks and working off-the-clock during meal periods," is a detailed factual claim, not a conclusory statement as Staples contends. Id. (citing Compl. ¶¶ 15, 20, 26, 31, 44, 54, 63, 71). Giordani argues that Staples' reliance on Shaw v. Daifuku Servs. Am. Corp. is misplaced because there the court concluded that there was no injury when a policy required employees to respond to radio calls during breaks, while here he "specifically alleges that [Staples] had a policy mandating that employees keep walkie-talkies on their person and monitor them at all times, including during meal and rest breaks," a violation of California law. Id. at 4-5 (citing Shaw v. Daifuku Servs. Am. Corp., No. 1:21-CV-01084, 2024 WL 1526733, at *15 (E.D. Cal. Apr. 9, 2024)). Giordani argues that even if employees were not specifically instructed to respond during breaks, the requirement of carrying and monitoring walkie-talkies during these times renders employees under the employer's control and thus "[t]he mere obligation to monitor communication devices during breaks is sufficient to establish that employees were not fully relieved of duty." Id. at 7.

Giordani also argues that he is not required at the pleading stage to allege specific details of break interruptions which occurred as a result of the walkie-talkie policy because this would impose an undue burden at this stage. Id. (citing Landers, 771 F.3d at 640, 646). Giordani contends that the Ninth Circuit has found that "allegations identifying tasks for which the plaintiff was not paid and stating that the plaintiff regularly worked more than eight hours in a day and forty hours in a week were sufficient to state a plausible claim." Id. at 8 (citing Boon v. Canon Business Solutions, Inc., 592 F. App'x. 631, 632 (9th Cir., 2015)). Accordingly, Giordani argues that the allegations here are sufficient to state a claim. Id. The fact that the policy was applied to all employees in the putative class, Giordani argues, also "supports the plausibility of the claims and the suitability for class action treatment." Id. at 9.

Giordani next argues that his fifth and sixth claims, inaccurate wage statement and waiting time penalty claims, are properly pled both because they are derivative of the first through fourth causes of action which are properly pled and because he has provided sufficient factual allegations to satisfy the federal pleading standards for these claims. Id. Giordani contends that he sufficiently detailed how Staples' policy of requiring off-the-clock work of the kind alleged resulted in unpaid wages that were not reflected in the wage statements employees received, a violation of Labor Code § 226(a). Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

According to Giordani, "[a] 'knowing and intentional' violation under § 226(a) is sufficiently pled when the allegations allow a reasonable inference that the employer was aware of the facts underlying the violations." Id. (citing Willner v. Manpower, Inc., 35 F. Supp. 3d 1116, 1131 (N.D. Cal. 2014)). Here, Giordani argues, his detailed allegations show that Staples was aware of the circumstances causing the wage statement violations. Id. Giordani also argues that he has properly alleged injury pursuant to Labor Code § 226(e) because he asserts that he was misled about his earned wages and will experience difficulty reconstructing pay records and determining what he is owed, which complies with the requirement for an injury that "the employee cannot promptly and easily determine the required information from the wage statement alone." Id. at 10-11. Giordani puts forth similar arguments as to his sixth claim for failure to pay all wages due upon termination, contending that the willfulness of the violation is demonstrated by the deliberate enforcement of the walkie-talkie policy and the resulting underpayment. Id. at 11.

Lastly, Giordani argues that he has stated a claim pursuant to the UCL because his underlying claims are adequately pled and the UCL prohibits unlawful business acts and practices, which includes violations of the Labor Code. Id. at 12 (citing Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178 (2000)). Giordani argues that even if he cannot obtain injunctive relief on this claim, as Staples contends, former employees can seek restitution of unpaid wages pursuant to the UCL, and thus this claim should not be dismissed in its entirety. Id. at 12-13.

In reply, Staples argues that Giordani has failed to meet the federal pleading standards. Reply at 7. Staples contends that Giordani attempts to use his opposition to replead his complaint by "insist[ing] that 'during their shifts' was apparently meant to include employees' meal and rest breaks, despite the Complaint not saying so." Id. (citing Opp. at 6-8). Staples argues that it does not rely on Shaw as Giordani contends, rather, it argues that he failed to sufficiently allege how the walkie-talkie resulted in non-compliant breaks and off-the-clock work, and Giordani's attempt to clarify these claims through his opposition is impermissible. Id. at 7-8. Staples argues that it is not holding Giordani to a heightened pleading standard and that Landers requires that he allege "at least one specific workweek in which he suffered the wage-and-hour violations he alleges." Id. at 8 (citing Landers, 771 F. 3d at 646). Staples argues that Giordani does not even meet the Boon standard he sets forth in his complaint, because he "never once states in his complaint that he 'regularly worked more than eight hours in a day and forty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

hours in a week' and he fails to allege even a single shift during which he allegedly suffered any of the violations in the Complaint." Id. at 8-9 (quoting Boon, 592 F. App'x. at 632). Staples also argues that Giordani's derivative claims, his fifth and sixth causes of action, should be dismissed if his underlying claims are dismissed. Id. at 9.

The Court finds that Giordani fails to sufficiently allege his first claim, for failure to pay wages for all hours worked at minimum wage in violation of Labor Code §§ 1194 and 1197. In Boon, the Ninth Circuit determined that Landers, a case based on the Fair Labor Standards Act, "articulated this Court's requirements for stating a wage claim under Twombly and Iqbal," and thus that its holding is applicable outside of the Fair Labor Standards Act context. Boon, 592 F. App'x at 632. In Landers, the court found that plaintiff failed to state a claim for unpaid minimum wages because in his complaint, he "did not allege facts showing that there was a given week in which he was entitled to but denied minimum wages." Landers, 771 F.3d at 645. Similarly, Giordani does not allege in his complaint that there was a given week in which he was entitled to minimum wages, but did not receive them. He alleges only that employees were required to "keep their employer issued walkie-talkies on their person and to always monitor them during their shift resulting in [Giordani] and similarly situated employees remining on duty during rest breaks and off-the-clock meal breaks." Compl. ¶ 15. Giordani alleges that he and similarly situated employees "were not paid for this time resulting in [Staples'] failure to pay minimum wage for all the hours [Giordani] and similarly situated employees worked." Compl. ¶ 16. The Court concludes that this fails to meet the Ninth Circuit standard, which requires a plaintiff to identify in the complaint a given week in which he was entitled to minimum wages and was denied such wages. Accordingly, Giordani's first claim is dismissed with leave to amend.

Giordani also fails to allege sufficient facts to state his second claim for failure to pay overtime wages for daily overtime worked in violation of Labor Code §§ 510 and 1194. The Landers court concluded that "'detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim,'" however, "Landers also held that plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." Boon, 592 F. App'x. at 632. The court in Boon found sufficient the fact that plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week." Id. Here, Giordani alleges the same walkie-talkie policy, that "[he] and similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

employees were not paid for this time," and that "[t]o the extent the employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time." Id. ¶¶ 20-22. The Court finds that these facts are insufficient to state a claim for failure to pay overtime wages, given Giordani's failure to plead a specific workweek during which this occurred. Giordani's second claim for relief is therefore dismissed with leave to amend.

The Court concludes that Giordani's third and fourth claims, for failure to authorize or permit meal periods in violation of Labor Code §§ 512 and 226.7 and failure to authorize rest periods in violation of Labor Code § 226.7, respectively, are insufficiently pled for the same reason. Courts in this circuit require plaintiffs to identify at least one specific instance in which defendant failed to provide a meal or rest break for such a claim to survive a motion to dismiss. See e.g., Johnson v. Winco Foods, LLC, No. 17-cv-2288-DOC-SHKX, 2018 WL 6017012, at *10-11 (C.D. Cal. Apr. 2, 2018) (dismissing meal and rest break related claims because plaintiff did not identify an instance in which he was denied a break or was not paid premiums for such denial of a break); Ramirez v. HV Glob. Mgmt. Corp., No. 21-cv-09955-BLF, 2022 WL 2132916, at *4 (N.D. Cal. June 14, 2022); Haralson v. United Airlines, Inc., 224 F. Supp. 3d 928, 941 (N.D. Cal. 2016). In Boyack v. Regis Corporation, basing its determination on the Landers standard, the Ninth Circuit found that plaintiffs failed to sufficiently plead their claim for a rest break violation because their complaint did not "provide facts demonstrating at least one workweek in which [plaintiffs] were personally deprived of rest breaks." 812 F. App'x. 428, 431 (9th Cir. 2020) (citing Landers, 771 F.3d at 646). Similarly, here, Giordani does not provide facts regarding an instance where he was denied a meal or rest break or was not compensated for the failure to provide such a break. Rather, he alleges as to meal breaks, that Staples failed to provide him "and similarly situated employees timely, uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked" and that Staples maintained the alleged walkie-talkie policy. Compl. ¶ 26. As to rest breaks, he alleges that he and similarly situated employees regularly worked shifts of more than three and a half hours which would entitle them to a rest break pursuant to California law, but that Staples failed to provide such breaks and that Staples maintained its alleged walkie-talkie policy. Id. ¶ 31. The Court finds that these factual allegations are insufficient to state a claim pursuant to the Ninth Circuit standard. Accordingly, Giordani's third and fourth claims are dismissed with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

Giordani's fifth claim is pled as a derivative claim of his first through fourth claims, asserting that Staples failed to provide complete and accurate wage statements in violation of Labor Code § 226. Compl. ¶ 150. Giordani, in opposition to Staples's motion to dismiss, argues that he sufficiently alleges an independent injury born of the inaccurate wage statements pursuant to Labor Code § 226(e), thus the claim need not be considered derivative. Opp. at 9. In order to state such injury pursuant to Labor Code § 226(e), a plaintiff must show three elements: (1) failure to include in the wage statement one or more of the required items from Labor Code § 226(a); (2) that the failure was "knowing and intentional"; and (3) a resulting injury. Fodera v. Equinox Holdings, Inc., No. 19-cv-05072-WHO, 2020 WL 3961985, at *2 (N.D. Cal. July 13, 2020) (quoting Brewer v. Gen. Nutrition Corp., No. 11-cv-3587-YGR, 2015 WL 5072039, at *5 (N.D. Cal. Aug. 27, 2015)). In his complaint, Giordani "alleges that [Staples] failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to [Staples'] control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226." Compl. ¶ 150. Giordani alleges that Staples "had the ability to provide [Giordani] and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate" and that Staples "knowingly and intentionally put in place practices which deprived employees of wages and resulted in [Staples] knowingly and intentionally providing inaccurate wage statements. These practices included [Staples'] failure to include all hours worked and all wages due." Id. ¶ 152. Giordani then alleges that as a result of Staples' unlawful conduct, he and the Wage Statement Class have suffered injury because the inaccurate statements prevented an earlier challenge to Staples' pay practices, require discovery and computations to determine what is owed, and cause injury and expense in reconstructing time and pay records. Id. ¶ 153.

In so far as the fifth claim is treated as a derivative claim, the Court concludes that the because the preceding claims are inadequately pled, they cannot support the derivative wage statement claim. Ahmed v. W. Ref. Retail, LLC, No. 22-cv-08342-VAP-SKX, 2021 WL 2548958, at *5 (C.D. Cal. May 13, 2021) (determining that "[a]s the predicate overtime violation is inadequately pled, it will not support a wage statement claim"). However, it is possible for Giordani to make out an independent wage statement claim if the three required elements are shown. In his opposition, he argues that "[b]y providing specific facts about how [Staples'] policies led to wage statement inaccuracies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

and detailing the resulting injury, [he] has met the federal pleading standards." Opp. at 11. The Court finds that Giordani did not provide specific facts about how policies led to inaccuracies, and thus that he failed to show the first element, failure to include in the wage statement one or more items required by Labor Code § 226(a). Giordani alleges Staples' "failure to include all hours worked and all wages due," but does not provide any facts to support this allegation. Compl. ¶ 152. Accordingly, because Giordani fails to state an independent claim for failure to provide accurate wage and hour statements and because the claim cannot stand as a derivative claim of the underlying claims which are inadequately pled at this stage, the Court finds that the fifth claim must be dismissed with leave to amend.

Giordani's sixth claim, for failure to pay all wages timely upon separation of employment in violation of Labor Code §§ 201, 202, and 203, is also a derivative claim, which fails at this stage because of the insufficiency of the claims on which it relies. In order to state a violation of Labor Code § 203, a plaintiff must show a willful failure to pay wages due in accordance with Labor Code §§ 201 and 202, which "occurs when an employer intentionally fails to pay wages to an employee when those wages are due." Boone v. Amazon.com Servs., LLC, 562 F. Supp. 3d 1103, 1126 (E.D. Cal. 2022) (citing Diaz v. Grill Concepts Servs., Inc., 23 Cal. App. 5th 859, 869 (2018) (quoting Cal Code Regs. Tit. 8, § 13520) (internal quotations omitted)); Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1, 7 (Ct. App. 1981) ("[a]s used in section 203, "willful" merely means that the employer intentionally failed or refused to perform an act which was required to be done") (citing Davis v. Morris, 37 Cal. App. 2d 269, 274 (1940)). In his opposition, Giordani argues that he "provides factual details of Staples' intentional policies resulting in unpaid wages, including off-the-clock work and non-compliant meal and rest periods," and that "[t]he willfulness of [Staples'] failure is supported by the fact that these policies were deliberately implemented and enforced, indicating that [Staples] was aware that employees were not being paid all wages due." Opp. at 11. Because the Court concludes that Giordani failed to allege with sufficient factual detail the policies to which he refers and that such policies had the result he claims, these underlying claims cannot support his sixth claim for failure to pay all wages timely upon separation. Accordingly, his sixth claim for relief is dismissed with leave to amend.

Similarly, as to Giordani's seventh claim for a violation of the UCL, Giordani fails to state a claim because the cause of action is derivative of his underlying claims which the Court concludes were insufficiently pled. In his opposition, Giordani argues that "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:24-cv-02224-CAS(PDx) | Date | November 25, 2024 |
|---|---|---|---|
| Title | Kristofer Giordani v. Staples the Office Superstore, LLC et al | | |

UCL claim is properly grounded in the adequately pled underlying violations." Opp. at 12. Given that Giordani bases his claim on his other causes of action, which are herein dismissed, this claim is also dismissed with leave to amend.

The Court does, however, agree with Giordani that restitution of unpaid wages is a proper remedy pursuant to the UCL. Kraus v. Trinity Mgmt. Servs., Inc., 23 Cal. 4th 116, 126 (2000) (holding that "[t]hrough the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices in order to protect the public and restore to the parties in interest money or property taken by means of unfair competition"). Thus, Giordani may be able to state a claim for restitution, though not for injunctive relief, pursuant to the UCL, despite no longer being employed by Staples.

### V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Staples' motion to dismiss in its entirety and Giordani is given fourteen days leave to amend.

IT IS SO ORDERED.

|  |  | 00 | : | 04 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |